UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IMPERIAL TRADING CO., INC., ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-4262 |
| TRAVELERS PROPERTY CASUALTY CO. OF AMERICA | SECTION: R |

**ORDER AND REASONS**

Before the Court is plaintiffs' motion for a jury trial. R. Doc. 62. For the following reasons, the Court GRANTS the motion.

I.  **BACKGROUND**

The plaintiffs in this case are the owners of commercial properties that were damaged during Hurricane Katrina. At the time of the hurricane, the properties in question were insured by defendant Travelers Property Casualty Company of America. Plaintiffs submitted a claim to Travelers shortly after the hurricane, and Travelers advanced plaintiffs $1 million for the covered losses to one property on September 25, 2005. Plaintiffs claim that Travelers failed to participate in the adjustment process in good faith after that point, reimbursing plaintiffs' for portions of the covered loss in small increments over the

-1-

following year.

On August 11, 2006, plaintiffs initiated the present action in this Court, asserting claims against Travelers for breach of contract and bad faith penalties. Several months after the complaint was filed, this action was consolidated with other cases related to Hurricane Katrina. The action was de-consolidated by order of the Court on July 10, 2008. Trial is currently set for August 3, 2009. R. Doc. 29. Several important coverage disputes remain unresolved, as do plaintiffs' claims for bad faith penalties. *See* R. Doc. 63 at 3-5.

Plaintiffs initially failed to demand a jury trial in this action. They have now filed a motion requesting a jury trial, which is presently before the Court.

**II. ANALYSIS**

It is undisputed that plaintiffs failed to comply with Federal Rule of Civil Procedure 38(b) and thereby waived their right to a trial by jury. *See* FED. R. CIV. P. 38(d). The question at this point is whether the Court should exercise its discretion to order a jury trial under Rule 39(b), which states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

FED. R. CIV. P. 39(b). Under Rule 39(b), "the court has broad

-2-

discretion in determining whether to relieve a party from waiver of jury trial, and its decision will be reversed only for abuse of discretion. The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B&W, Inc.*, 336 F.2d 406 , 408 (5th Cir. 1964). As the Fifth Circuit has emphasized, a Rule 39(b) Motion "should be favorably received unless there are persuasive reasons to deny it." *Unum v. United States*, 658 F.2d 300, 303 (5th Cir. 1981).

In *Daniel Inten. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990), the Fifth Circuit listed five factors to guide the Court's discretion under Rule 39(b). The district court should look to whether the case involves issues which are best tried to a jury, and whether granting the motion would result in a disruption of the court's schedule or that or an adverse party. *Id.* (*citing Parrot v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983). The court should also examine the degree of prejudice to the adverse party, any length of delay in requesting a jury trial, and the reason for that delay. *Id.* No single factor is dispositive, and "[t]he trial court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in the particular case, rather than with a

fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) (*quoting Pinemont Bank v. Belk*, 722 F.2d 232, 237 (5th Cir. 1984)).

**A. Whether the Case is Best Tried by a Jury**

Plaintiffs have sued their insurer to recover for property damage and other expenses caused by Hurricane Katrina, and for bad faith penalties. Travelers argues that this case is too complex to send to a jury. As this Court noted in *Xavier*, however, insurance coverage disputes and bad faith claims are routinely tried by juries. *See Manino v. Lexington Ins. Co.*, No. 06-6627, 2007 WL 1672228, at * 1 (E.D. La. June 7, 2007) (holding that "jury was well-suited to resolve" insurance dispute and bad faith claim arising out of Hurricane Katrina); *Korbel v. Lexington Ins. Co.*, No. 06-7283, 2007 WL 2406996, at *3 (E.D. La. Aug. 21, 2007) (same).

Travelers cites several types of testimony that it believes are likely to confuse a jury: (1) the testimony of "underwriters and brokers ... with respect to the circumstances surrounding the purchase and underwriting of the policy and the course of dealing between the parties"; (2) "highly scientific expert testimony with respect to the effects of wind and rain"; and (3) "expert

testimony on the accounting issues involved in the extra expense claim." R. Doc. 63 at 11. But all three types of testimony are regularly presented to juries in run-of-the-mill insurance cases without any apparent problems. Indeed, juries routinely try antitrust, patent, and product liability cases that present issues that are far more complex that the ones presented here. There is no reason to think that a jury would have more difficulty understanding the issues in this case than in any other insurance dispute.

Moreover, one of the crucial issues in this case is whether Travelers acted in an arbitrary and capricious manner when it adjusted plaintiffs' claim. *See Meadowcrest Living Center L.L.C. v. Hanover Ins. Co.*, 2008 WL 2959707 (E.D. La. 2008). As this Court held in *Xavier*, the inquiry into an insurer's good faith typically turns on issues of fact and credibility determinations that are particularly suited for disposition by a jury. The Court holds that this factor favors a jury trial.

**B.    Disruption to the Court's or Travelers' Schedule**

Travelers argues that its trial preparation schedule will be disrupted if plaintiffs' motion is granted. It claims that it will need to retain an expert to rebut plaintiffs' expert's testimony on bad faith issues. R. Doc. 63 at 11-12. It also claims that its other experts will need to supplement their

reports to cover "basic issues that the Court would be familiar with," but that a jury may not have encountered before. *Id.* at 12. As Travelers points out, its expert reports are currently due one month from now, on May 25, 2009.

The Court finds it unlikely that one month will not be enough time for Travelers' experts to supplement their reports with the "basic" information that Travelers believes will aid a jury. Under the standard scheduling order entered in this section of the Court, the defendant typically has one month to prepare expert reports from the time he is provided with the plaintiff's expert reports. *See, e.g.*, R. Doc. 23-1. Although some defendants may begin preparing their expert reports before they see copies of the plaintiff's reports, many defendants choose to create their reports or supplement their pre-existing reports after they review the plaintiff's reports. In the Court's experience, one month has been sufficient for such purposes, particularly for defendants like Travelers that encounter the same legal claims in many cases. The Court is not convinced that the need to add information regarding "basic issues" would significantly alter the necessary preparation time for expert reports. To the extent that it does, however, the plaintiffs have agreed that Travelers can have extra time in order to mitigate any possible disruption or prejudice.

The Court also finds that its own schedule will not be

disrupted if this case is tried by a jury. Plaintiffs have represented that a jury trial in this matter will not take longer than the ten days currently scheduled for trial. This is consistent with the Court's observation in *Xavier* that there is little reason to think that opening and closing arguments and *voir dire* would significantly alter the necessary trial time. In short, Travelers has not demonstrated that trying this case before a jury will disrupt its own schedule or the Court's schedule.

### C. Prejudice to Travelers

Travelers has not persuaded the Court that it will be prejudiced by a jury trial. Travelers' arguments under this factor focus on its strategic decisions in preparing this case to be tried before a judge rather than a jury. According to Travelers, it would have conducted its depositions in a different order if it had known that the case would be tried to a jury. In particular, Travelers claims that it would have focused more heavily on plaintiffs' bad faith claim in early depositions. Travelers has already conducted ten depositions, and it has requested leave to conduct additional depositions that it says will allow it to defend against plaintiffs' bad faith claim. *See* FED. R. CIV. P. 30(a)(2)(A)(i). Travelers' motion for leave is currently pending before the magistrate judge. R. Doc. 42.

The Court finds the argument that Travelers needs to prepare a defense against the merits of plaintiffs' bad faith claims differently depending upon the identity of the trier of fact is not convincing. Travelers seems to suggest that a jury is more likely than a judge to grant relief on what Travelers considers to be an unmeritorious claim. *See* R. Doc. 63 at 14 ("Travelers has not focused its efforts on depositions that would be necessary to defend against the bad faith claim because Travelers believes that claim is without merit and would have little appeal to a judge who is experienced with the trial of these types of cases."). But the Court is unwilling to assume that the jury is incapable of fairly trying the facts or that it will disregard the Court's instructions on the governing law. Indeed, as noted earlier, the jury is particularly well-positioned to resolve the bad faith claims because those claims are highly fact-dependent and will turn largely on credibility determinations. Moreover, Travelers remains free to resort to the various devices set forth in the Federal Rules of Civil Procedure for withdrawing unsubstantiated claims from the jury's consideration.

Travelers also argues that the time remaining before discovery ends is insufficient to permit it to prepare for a jury trial. As the colloquy at oral argument made clear, however, most of Travelers' alleged prejudice arises from pre-existing discovery issues and will not be affected by the identity of the

trier of fact. The plaintiffs have also agreed to permit Travelers to conduct additional depositions and to take extra time in preparing its expert reports. The Court finds that these measures mitigate any possible prejudice that may result from granting plaintiffs' motion.

To the extent that Travelers is arguing that two-and-a-half months is an insufficient amount of time to conduct any additional discovery necessary for a jury trial, the Court is unpersuaded. A substantial amount of discovery has already been conducted in this case, and whatever additional discovery Travelers thinks is necessary can surely be completed within two months. Indeed, Travelers is experienced in trying hurricane claims before juries, and the trial preparation for a jury trial in this case will not be markedly different from that for a bench trial.

**D. Delay and Inadvertence**

As in *Xavier*, the two remaining factors favor Travelers. Plaintiffs' jury trial request comes two and a half years after this case was filed. The significance of the delay is mitigated somewhat by the unique procedural history of this case. The case was consolidated with the *In re: Katrina Canal Levee Breaches Litigation* until recently. The length of time that plaintiffs let pass before requesting a jury trial nonetheless weighs

against granting their Motion.  In addition, plaintiffs' stated reason for delay--"mere inadvertence"--is not a compelling excuse, especially since it was apparent from more than one filing in the record and from the scheduling conference that this case was listed as a bench trial.  The Court, however, does not find that counsel's delay, error, and inadvertence represent strong and compelling reasons to deprive plaintiffs of their Constitutional jury right.  *See Swofford*, 336 F.2d at 408; *Manino*, 2007 WL 1672228, at * 1 ("While the final two factors clearly weigh in favor of denying the request for a jury trial, they do not constitute a strong or compelling reason to deny the plaintiffs' request for a jury."); *Korbel*, 2007 WL 2406996, at *3 ("While the final two factors clearly support a denial of the request for jury trial, the Court finds that these two factors do not constitute 'strong or compelling reasons' for denial of Plaintiff's untimely request for a jury trial."); *Hueschen v. Nickert*, No. 01-3605, 2002 WL 398772, at *2 (E.D. La. Mar. 13, 2002) ("Last, while Defendants have offered no real reason for the delay other than mere inadvertence, this one factor does not justify the Court denying the motion, in light of the procedural posture of this case."); *Carr*, 138 F.R.D. at 82 (holding that "the fact that counsel's failure to timely request a jury trial resulted from mere inadvertence" did not justify depriving client of Seventh Amendment right).

**III. CONCLUSION**

For the foregoing reasons, plaintiffs' motion for jury trial is GRANTED.

New Orleans, Louisiana, this 30TH day of April, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE