UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| IMPERIAL TRADING CO., INC., ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 06-4262 |
| TRAVELERS PROPERTY CASUALTY CO. OF AMERICA | SECTION: R |

**ORDER AND REASONS**

Before the Court are plaintiffs' objections to the magistrate judge's order of February 12, 2009. R. Doc. 48. For the following reasons, the Court SUSTAINS the objections.

I. **BACKGROUND**

The plaintiffs in this case are the owners of commercial properties that were damaged during Hurricane Katrina. At the time of the hurricane, the properties in question were insured by defendant Travelers Property Casualty Company of America. Plaintiffs submitted a claim to Travelers shortly after the hurricane, and Travelers advanced plaintiffs $1 million for the covered losses to one property on September 25, 2005. Plaintiffs claim that Travelers failed to participate in the adjustment

process in good faith after that point, reimbursing plaintiffs' for portions of the covered loss in small increments over the following year.

On August 11, 2006, plaintiffs initiated the present action in this Court, asserting claims against Travelers for breach of contract and bad faith penalties. Several months after the complaint was filed, this action was consolidated with other cases related to Hurricane Katrina. The action was de-consolidated by order of the Court on July 10, 2008. Although the parties have apparently made progress in resolving their differences, several important coverage disputes and the claim for bad faith penalties remain unresolved. *See* R. Doc. 48-2 at 3.

The matter presently before the Court relates to a discovery request initiated by the plaintiffs. Plaintiffs filed a Motion to Compel Production of Loss Reserves and Reinsurance Information before the magistrate judge on September 29, 2008. The motion sought to compel the production of information regarding Travelers' loss reserves and "reinsurance information," which Travelers had apparently redacted from its discovery responses. R. Doc. 30-1, 30-2. On February 12, 2009, the magistrate judge granted plaintiffs' motion as to the reserves information and denied it as to the reinsurance information. Plaintiffs filed objections to the magistrate's order on February 25, 2009, asking

the Court to modify the order to require Travelers to produce the reinsurance information. The Court has now reviewed plaintiffs' objections and rules as follows.

**II. LEGAL STANDARD**

A magistrate judge may hear and determine many pretrial matters pending before a district court. *See* 28 U.S.C. § 636(b)(1). When a magistrate decides a non-dispositive matter, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Under this standard, factual findings are reviewed for clear error, which is present when "the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bolding v. Commissioner of Internal Revenue*, 117 F.3d 270, 273 (5th Cir. 1997). Conclusions of law should be overturned when the magistrate "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006); *see also Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

**III. DISCUSSION**

The plaintiffs argue that the magistrate improperly denied

their motion to compel the production of Travelers' "reinsurance information." Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is relatively broad. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Upon a showing of good cause, the district court may also "order discovery of any matter relevant to the subject matter involved in the action." *Id.* The scope of discovery to be conducted in each case rests within the sound discretion of the trial court. *Newby v. Enron Corp.*, 394 F.3d 296, 305 (5th Cir. 2004).

The Court notes at the outset that plaintiffs' original motion to compel was not a model of clarity. In that motion, plaintiffs requested an "order compelling the production of documents shown in the Memorandum in Support." R. Doc. 30-1 at 1. The memorandum in support, in turn, sought the production of "reinsurance information" but did not explain what documents and information would fall within that category. *See* R. Doc. 30-2 at 1, 4, 5, 7. When parties do not state with reasonable specificity the relief they seek and the grounds therefor, they run the risk of having their motions denied. In this case, the magistrate was able to determine that the plaintiffs sought the production of at least two types of documents: (1) Travelers' reinsurance agreements, and (2) communications between Travelers and its reinsurers. *See* R. Doc. 45 at 9. The Court cannot guess

what else might be considered "reinsurance information" and will therefore limit its review to the two categories listed in the magistrate's order.

With respect to the reinsurance agreements, the magistrate judge recognized that Federal Rule of Civil Procedure 26 may permit their discovery. *Id.* The Court agrees. Subsection (a) of Rule 26 requires the parties to disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." FED. R. CIV. P. 26(a)(1)(A)(iv). As a number of courts have held, reinsurance agreements fit within the plain language of this rule when the primary insurer is named as a party. *See, e.g., Heights at Issaquah Ridge Owners Ass'n. v. Steadfast Ins. Co.*, No. 07-1045, 2007 WL 4410260, at *4 (W.D. Wash. Dec. 13, 2007); *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 244 F.R.D. 638, 641-42 (D. Kan. 2007); *Potomac Elec. Power Co. v. California Union Ins. Co.*, 136 F.R.D. 1, 2 (D.D.C. 1990); *Nat'l Union Fire Ins. Co. v. Cont'l Illinois Corp.*, 116 F.R.D. 78, 84 (N.D. Ill. 1987).

To the extent that Travelers is party to any agreement that obligates a reinsurer "to satisfy all or part of a possible judgment [against Travelers] in the action or to indemnify or reimburse [Travelers] for payments made to satisfy the judgment,"

Travelers must produce that agreement. It is not clear from the magistrate's order why she did not order this relief, and the Court therefore finds that her order was clearly erroneous or contrary to law in this respect. Plaintiffs' objection is sustained as to existence and content of Travelers' reinsurance agreements.

The Court also finds that the discovery of communications between Travelers and its reinsurers regarding plaintiffs' insurance claims is relevant to plaintiffs' claim for bad faith penalties. FED. R. CIV. P. 26(b)(1). Plaintiffs have asserted claims for bad faith penalties under LA. REV. STAT. §§ 22:658 and 22:1220(b)(5).[1] Under Louisiana law, a plaintiff seeking bad faith penalties has the burden of proving that the insurer's failure to tender payment within the statutory period was arbitrary, capricious, or without probable cause. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003); *see also Kodrin v. State Farm Fire and Cas. Co.*, No. 08-30092, 2009 WL 614521, at *6-*7 (5th Cir. Mar. 11, 2009) (per curiam) (unpublished) (vacating award of bad faith penalties on the ground that plaintiffs failed to present evidence showing that the insurer unjustifiably withheld payment). This inquiry, which is based upon "the facts known to the insurer at the time of its

---

[1] These provisions were recently renumbered as LA. REV. STAT. §§ 22:1892 and 22:1973.

action," asks whether the insurer "ha[d] a reasonable basis to defend the claim and act[ed] in good-faith reliance on that defense." *Reed*, 857 So.2d at 1021. Among other things, a plaintiff may seek to prove the insurer's bad faith by showing that the insurer's privately expressed reasons for denying coverage differed from those stated in public, *see Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1121 (La. 2008) (affirming award of bad faith penalties on ground that, *inter alia*, claim overseer's trial testimony was "inconsistent" with internal email he sent to another member of the claims department), or by showing that the insurer's reasons for denying coverage shifted over time, *see Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La. 1993) ("One indici[um] of bad faith is an insurer's belated change in defenses.").

As this brief summary of the law suggests, communications between Travelers and its reinsurers regarding plaintiffs' insurance claims contain information that is relevant to Travelers' good faith to the extent that Travelers explained its reasons for granting or denying portions of plaintiffs' claims or otherwise described or explained its handling of plaintiffs' claims. *Cf. U.S. Fire Ins. Co.*, 244 F.R.D. at 643 ("The Insurers may well have discussed various positions or issues with their reinsurers. The timing and content of those communications could

-7-

readily lead to the discovery of admissible evidence regarding the Insurers' handling and investigation of [the insured's] claims ... ."). Plaintiffs may be able to use that information to point out inconsistencies in Travelers' stated positions, or to otherwise show that Travelers did not act in good faith reliance on a reasonable defense in adjusting plaintiffs' claims. *Reed*, 857 So.2d at 1021.

Travelers argues that plaintiffs' motion was properly denied because plaintiffs "failed to present ... any evidence that Travelers did not thoroughly investigate or consider [plaintiffs'] claim," R. Doc. 56 at 7, but this argument misunderstands the purpose of discovery. Parties are not required to submit evidence in support of their claims before they will be permitted to conduct discovery. The very point of discovery is to give parties an opportunity to *obtain* evidence relevant to their claims and defenses. *See* FED. R. CIV. P. 26(b)(1).

Travelers cites several cases in support of its position, and the magistrate judge relied on those cases in denying plaintiffs' motion. None of those cases supports Travelers' position, however, because they did not present the question whether reinsurance-related communications may be relevant to a claim for bad faith penalties. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 139 F.R.D. 609, 611-12 (E.D. Pa. 1991)

(considering whether reinsurance-related communications may be relevant to the issue of policy interpretation); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989) (same); *Monsanto Co. v. Aetna Cas. and Sur. Co.*, No. 88C-JA-118, 1991 WL 190336, at *1-*3 (Del. Super. Ct. Sep. 6, 1991) (same); *Potomac Elec. Power Co. v. California Union Ins. Co.*, 136 F.R.D. 1, 3 (D.D.C. 1990) (considering whether reinsurance-related communications may contain "valuable admissions against defendants"). As discussed above, an allegation that the defendant violated the Louisiana bad faith statutes puts facts at issue that are not necessarily relevant in an ordinary insurance coverage action. Indeed, in every case brought to this Court's attention that specifically considered the relevance of reinsurance-related communications to the issue of bad faith, the courts found that such communications are discoverable. *See, e.g.*, *Fireman's Fund Ins. Co. v. Community Coffee Co., L.L.C.*, No. 06-2806, 2007 WL 647293, at *1 (E.D. La. Feb. 28, 2007); *Children's Hospital v. Continental Cas. Co.*, No. 06-3548, slip op. at 2 (E.D. La. Nov. 7, 2006); *U.S. Fire Ins. Co.*, 244 F.R.D. at 642-43; *National Union Fire Ins. Co.*, 116 F.R.D. at 82-83.

While relevance is by nature a context-sensitive determination, there is no question in this case that communications between Travelers and its reinsurers about plaintiffs' insurance claims are likely to contain information

-9-

that is relevant to the issue of Travelers' bad faith.  The
magistrate's ruling that no such communications are subject to
discovery was clearly erroneous or contrary to law.  *Cf. Coughlin
v. Lee*, 946 F.2d 1152, 1158-59 (5th Cir. 1991) (holding that
district court abused its discretion in limiting Title VII
plaintiffs' ability to discover co-workers' personnel files
because those files might contain evidence of disparities in
punishment among groups of workers).  Of course, as this
discussion makes clear, not every communication between Travelers
and its reinsurers will be relevant to plaintiffs' bad faith
claim.  Travelers will be required to produce only those
documents or electronic communications that: (1) were transmitted
between Travelers and one or more of its reinsurers; (2) were
created on or after the date of Hurricane Katrina; and
(3) contain information regarding plaintiffs' insurance claims
and/or information regarding Travelers' handling of those claims.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' objections to the
magistrate judge's order of February 12, 2009 are SUSTAINED.

IT IS ORDERED that Travelers shall produce any agreement
that obligates a reinsurer to satisfy all or part of a possible
judgment against Travelers in this action or to indemnify or
reimburse Travelers for payments made to satisfy the judgment.

IT IS FURTHER ORDERED that Travelers shall produce any document or electronic communication that: (1) was transmitted between Travelers and one or more of its reinsurers; (2) was created on or after the date of Hurricane Katrina; and (3) contains information regarding plaintiffs' insurance claims and/or Travelers' handling of those claims.

New Orleans, Louisiana, this 5th day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE