UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IMPERIAL TRADING CO., INC., ET AL.               CIVIL ACTION

VERSUS                                           NO: 06-4262

TRAVELERS PROPERTY CAS. CO.                      SECTION: R
OF AMERICA

**ORDER**

Before the Court is Plaintiffs' Motion to Exclude Untimely Exhibits and Testimony Related Thereto (R. Doc. 166). Specifically, plaintiffs move to exclude exhibits of roof samples that were included as part of defendant's Second Amended Witness and Exhibit List (R. Doc. 164), which was filed on June 25, 2009. They contend that the roof samples should be excluded because the scheduling order made clear that amended witness and exhibit lists were to be filed no later than June 9, 2009. Discovery in the case expired on June 23, 2009, and trial is set to begin on August 3d. The scheduling order in this case provides that "[t]he Court will not permit . . . any exhibits to be used unless there has been compliance with this Order as it pertains to the .

. . . exhibits, without an order to do so issued on motion for good cause shown." (R. Doc. 7.)

A court has "broad discretion" to enforce its scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Federal Rule of Civil Procedure 16(f) specifically authorizes the Court to sanction a party's failure to comply with its scheduling order. The Fifth Circuit has provided four factors that a court should consider in determining whether to exclude evidence because of a failure to comply with a scheduling order: (1) a party's explanation for its failure to timely identify its witnesses and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the exhibits and/or testimony; and (4) the availability of a continuance to cure such prejudice. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

This Court excludes this evidence. Defendant's explanation why the evidence was not produced within the time set by the scheduling order, or even within the time set for discovery, is not compelling. While late-discovered evidence can be admissible at trial, *see* FED. R. CIV. P. 37(c)(1), defendant contends that it "located an old email" on the day before the exhibit lists had to

have been submitted.  Defendant provides no explanation for why the email was not located before, other than lack of diligence. Secondly, defendant's argument that pieces of physical evidence from the roof at issue are "nothing more than a demonstrative exhibit" is inaccurate.  (R. Doc. 203.)  This is similar to arguing that the failed product in a products-liability case is only demonstrative.  The Court concludes that the evidence is important to the case, but not to the extent that it requires admission.

With respect to the third factor, plaintiffs will be prejudiced if the evidence is admitted.  They correctly point out that the issue of the Airline Drive roof is a considerable one in this case, and defendant's late introduction of this evidence precludes discovery on the samples.  Travelers added the roof sample exhibits two days after plaintiffs deposed Travelers' engineers who collected the samples, and plaintiffs had no opportunity to question the witnesses about them.  By the time plaintiffs were informed that the samples were in existence, discovery had concluded.  Defendant's argument that plaintiffs were put on notice of the possible existence of the samples in November of 2007 is unavailing.  Defendant was also on notice of the existence of the samples, yet it failed to discover them until after the close of discovery.

A continuance to cure prejudice is highly undesirable at this late stage of an already protracted litigation. Considering these factors, the Court GRANTS plaintiffs' motion to exclude the roof samples. This ruling applies only to the actual roof samples. The tardy discovery of the roof samples does not affect expert testimony about the roof, which may still be presented at trial.

New Orleans, Louisiana, this \_\_24th\_\_ day of July, 2009.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE