UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IMPERIAL TRADING CO., INC., ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-4262 |
| TRAVELERS PROPERTY CASUALTY CO. OF AMERICA | SECTION: R |

**ORDER**

Before the Court is defendant's Motion in Limine to preclude plaintiffs from introducing evidence regarding private investigator, Terrell Miceli. Because plaintiffs have not shown that Miceli's conduct is relevant to plaintiffs' claim for bad-faith claims adjustment, defendant's Motion is GRANTED.

The plaintiffs in this case are the owners and lessees of commercial properties that were damaged during Hurricane Katrina. At the time of the hurricane, the properties in question were insured by defendant Travelers Property Casualty Company of America. Plaintiffs submitted a claim to Travelers shortly after the hurricane, and Travelers advanced plaintiffs $1 million for the covered losses to one property on September 25, 2005. Plaintiffs allege that Travelers failed to participate in the adjustment process in good faith after that point, reimbursing

plaintiffs' for portions of the covered loss in small increments over the following year. At issue in this Order is whether plaintiffs can introduce evidence that defense counsel's private investigator, Terrell Miceli, visited Imperial's Airline property without permission and without identifying his purpose for being there. Miceli spoke with plaintiffs' attorney without disclosing that he was investigating the case. The attorney and Miceli are acquaintances, and the attorney revealed information about the building's Katrina damage. Miceli also attempted to contact current Imperial employees that were represented by counsel. Miceli's conduct occurred in the eight months before trial and more than three years after Hurricane Katrina.

 *i. The Louisiana Bad-Faith Statutes*

Louisiana Revised Statute 22:1973 provides that an insurer "owes to his insured a duty of good faith and fair dealing" and enumerates six violations of that duty. Only the acts listed in 22:1973 result in liability under the statute. *Theriot v. Midland Risk Ins. Co.*, 694 So.2d 184, 188-92 (La. 1997). The conduct prohibited by the statute includes:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

Both Louisiana Revised Statutes 22:1892 and 22:1973(b)(5) proscribe the failure to timely pay a claim after receiving a satisfactory proof of loss when that failure is arbitrary, capricious, or without probable cause. *Reed* v. State Farm Mut. Auto Ins. Co., 857 So. 2d 1012, 1020 (La. 2003). "The primary difference is the time periods allowed for payment." *Id.* Both statutes are penal in nature and must be strictly construed. *Id.*

Plaintiffs contend that the private investigator's conduct is relevant to their bad-faith claim under La. Rev. Stat. 22:1892 and 22:1973. Plaintiffs argue that Miceli's actions indicate that Travelers misrepresented pertinent facts and arbitrarily and capriciously failed to pay their claim. The Court addresses each argument in turn.

*ii. La. Rev. Stat. 22:1973(b)(1)*

Section 22:1973(B)(1) provides that, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" constitutes a breach. "Misrepresentation can

-3-

occur when an insurer either makes untrue statements to an insured concerning pertinent facts or fails to divulge pertinent facts to the insured." *McGee v. Omni Ins. Co.*, 840 So.2d 1248, 1256 (La. Ct. App. 2003). Not all misrepresentations are prohibited by 22:1973(b)(1). The terms of the statute require that the misrepresentation relate to a "coverage issue." "A misrepresentation relating to a coverage issue would involve facts about the policy itself, such as the amount of coverage, lapse or expiration of the policy, or exclusions from coverage." *Strong v. Farm Bureau Ins. Co.*, 743 So.2d 949, 953 (La. Ct. App. 1999). The Court has reviewed Miceli's unredacted report and deposition. Any misrepresentation by Miceli relates to his role in this lawsuit, which does not concern a coverage issue. The Court therefore finds that Miceli's conduct is not relevant to any claim under 22:1973(b)(1).

   *iii. La. Rev. Stats. 22:1973(b)(5) and 22:1892*

Plaintiffs further argue that Miceli's conduct is relevant to whether Traveler's failure to pay was "arbitrary, capricious, or without probable cause." This is a closer question. Although the affidavit of Traveler's Executive General Adjuster states that "no information provided by [the private investigator] was considered, in any respect, in any decisions made by Travelers with respect to the insurance claim (R. Doc. 169-7 at 2)," the contents of Miceli's report is imputed to Travelers through its

counsel.  *See Bell v. Demax Management Inc*., 824 So.2d 490 (La. Ct. App. 2002)("The relationship between attorney and client is one of principal and agent"; "It is a well settled principle that knowledge possessed by the agent is imputed to the principal even if the agent neglected to specifically convey those facts to principal.")(citations omitted).  Any information Miceli gathered about the Airline building's pre-Katrina condition and amount of flood damage is arguably relevant to whether Imperial reasonably adjusted Imperial's claim.  But plaintiffs do not suggest that Miceli uncovered evidence that plaintiffs' claims were justified, and Travelers nevertheless continued to fail to pay the amount plaintiffs' claimed.  As shown below, Miceli developed evidence that appears to be helpful to Travelers, which Travelers does not intend to use at trial.  Plaintiffs principally want the jury to know that Travelers and the private investigator engaged in shady conduct.  The Court holds that this evidence must be excluded under Federal Rule of Evidence 403.

Rule 403 states that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the issue."  The Advisory Committees's note to Rule 403 defines "unfair prejudice" further: "'Unfair prejudice' within this context means an undue tendency to suggest

a decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Cook*, 557 F.2d 1149, 1155 (5th Cir. 1977). The Fifth Circuit requires "courts to look at the 'incremental probity' of the evidence in question in analyzing the offering party's need to make this form of proof and the tendency of the questioned evidence to invite an irrational decision." *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1334 (5th Cir. 1985).

The information Miceli uncovered tends to support the reasonableness of Travelers's adjustment. According to Miceli, plaintiffs' attorney informed him:

> how high the water got into the building, and how much of a dump the building was prior to the storm, that the storm was, in fact, one of the best things that could have happened to the building. He also indicated by placing his hand on the wall, about head level, how high the flood water had risen into the building.

These statements tend to show that the Airline property was in disrepair before Katrina and that much of the Katrina damage was caused by flood, an excluded peril under Imperial's policy. None of the information Miceli uncovered tends to demonstrate that Travelers's adjustment was "arbitrary, capricious, or without probable cause." Nor does the mere fact that Travelers hired a private investigator suggest that Travelers's failure to pay was arbitrary. There is no evidence that the Travelers adjuster relied on any information developed by Miceli. Indeed, Travelers's Chief Adjuster expressly denies having done so. (*See*

R. Doc. 169-7 at 2.)  Consequently, the probative value of Miceli's conduct to Imperial's bad-faith claim is low.

By contrast, the danger of unfair prejudice is high. Imperial is understandably angered by Miceli's conduct, which very well may constitute an ethical violation by Travelers's attorneys.  The jury, however, is not entitled to find against Travelers because it employs "bad persons" or otherwise engages in unethical practices that are not specifically prohibited by the Louisiana bad-faith statutes.  *See Theroit*, 694 So.2d at 188-92.  Allowing the jury to hear evidence of Miceli's conduct would invite the jury to find against Travelers on such impermissible bases.  Had Miceli secretly uncovered information demonstrating the merits of plaintiffs' claim, and Travelers continued to refuse to pay the amount claimed, the issue would be different. But, as noted, the information Miceli obtained does not show that Travelers acted "arbitrarily, capriciously, or without probable cause" in adjusting plaintiffs' claim.  The Court therefore finds that the probative value of Miceli's conduct is substantially outweighed by the danger of unfair prejudice and excludes the evidence on that basis.

For the reasons stated, defendant's Motion in Limine is GRANTED.

New Orleans, Louisiana, this 27th day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE