UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IMPERIAL TRADING CO., INC., ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-4262 |
| TRAVELERS PROPERTY CASUALTY CO. OF AMERICA | SECTION: R |

### **ORDER AND REASONS**

Before the Court is one of many motions in limine filed in this case. In the current motion, defendant Travelers Property Casualty Co. seeks to exclude the expert testimony of Paul J. Murray, Jr. (R. Doc. 131). The Court has reviewed defendant's motion and the expert's report and finds no basis for exclusion.

### I.  Background

The parties dispute the amount of hurricane wind and wind-driven rain damage to a building located at 1525 Airline Drive. The parties also disagree over the amount of damage potentially caused by a broken water pipe on the property. Plaintiffs argue that such covered damage exceeded the amount Traveler's paid them under their insurance policy. In support of their claims,

plaintiffs retained the services of Murray Architects to opine as to the cause of alleged damage to the roof of the building and the scope of damage caused by wind-driven rain entering the building through leaks in the roof, broken windows in the front showroom, and the roll-up door in the rear of the building. (R. Doc. 131). Plaintiffs also seek to have Murray Architects opine about wind speeds and the cause of mold and mildew damage in the building, as well as the cause of damage to electrical equipment, air handlers, and information technology. (R. Doc. 131). Paul J. Murray, Jr., whom plaintiffs want to testify on behalf of Murray Architects, is the chief architect and a principal of Murray Architects. Based on pictures, floor plans, and several on-site inspections of the property, Murray Architects assessed the damage to the building and developed an expert report. The report includes Murray Architects's conclusions as to the cause of damage to the building, the scope of damage, and the costs of repair. (R. Doc. 131, Ex. A). Defendant seeks to exclude Paul Murray's testimony on the grounds that he did not write his expert report or do the investigation reflected in the report. Defendant further contends that Paul Murray's testimony does not satisfy Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*. 509 U.S. 579 (1993).

**II. Rule 26(a)(2)(B)**

**A.  Legal Standard**

The first issue presented is whether Murray's expert report comports with the requirements set out in Federal Rule of Civil Procedure 26(a)(2)(B).  Rule 26(a)(2)(B) states that "unless otherwise stipulated or ordered by the court," an expert report must "be prepared and signed by the witness" and must contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. Proc. 26(a)(2)(B).  Furthermore, if violations of Rule 26(a)(2)(B) are not harmless, a district court may exclude any testimony under Rule 37(c)(1).  Fed. R. Civ. P. 37(c)(1).

**B.  Analysis**

Defendant first argues that Paul J. Murray, Jr. did not prepare his expert report.  Rather, defendant contends that his son, Joey Murray, wrote the report that Paul Murray signed.  (R. Doc. 131, Ex. B).  In addition, defendant contends that Mr. Murray, Jr. did not conduct any of the on-site investigations or contribute to the analysis leading to the ultimate conclusions stated in the report.  Plaintiffs suggest that the creation of the expert report was a collaborative effort: Joey Murray functioned as Paul Murray's field representative, and outside consultants provided additional information, such as thermographic imaging and uplift tests.  (R. Doc. 173).

Read in context, Paul Murray's testimony indicates that he and Joey Murray worked on the report together, discussed its contents, and that Joey Murray did the principal drafting of the report. Paul Murray signed the report after he reviewed it. Paul Murray visited the property several times and inspected the roof. The facts suggest a collaborative effort between Paul Murray and an employee of his firm to generate the report in issue.

Rule 26(a)(2)(B) does not prohibit collaboration in the preparation of an expert report. The Advisory Committee Notes accompanying Rule 26 expressly allow counsel to provide limited assistance in the preparation of an expert report. Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes. The Advisory Committee Notes are silent, however, on assistance provided by individuals other than counsel, such as an employee of the expert witness or an outside consultant hired by the expert himself. Federal Rule of Evidence 703 is clear that experts are not required to prepare all the documents that support an opinion as long as the information is of the type reasonably relied on by experts in his field. Fed. R. Evid. 703; *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94 (2d Cir. 2000)("[A]n expert may rely on data that [he] did not personally collect."); *In re James Assocs.*, 965 F.2d 160, 172 (7th Cir. 1992)("An expert is of course permitted to testify to an opinion formed on the basis of

information that is handed to rather than developed by him."). Defendant points to, and the Court has found, no case law supporting a reading of Rule 26 that limits the preparation of expert reports to testifying witnesses alone. Any assistance Paul Murray received from Joey Murray and other outside consultants goes to the credibility of his testimony. Defendant can explore this issue with Paul Murray on cross-examination. His testimony is not subject to exclusion on this ground.

Defendant relies on unreported district court opinions in support of a restrictive reading of Rule 26. Aside from each case lacking precedential value, each case is distinguishable from the present. For example, *In re Jackson Nat'l Life Ins. Co. Premium Litig.* (*Jackson*), in which the pertinent discussion is only a paragraph long, the court excluded the testimony of an expert witness because the expert's report was "not prepared by [the expert], but was provided to him by plaintiff's counsel." *Id*. Here, the assistance provided to Paul Murray was not from counsel but from an employee of his firm, Murray Architects, the firm that plaintiffs hired to inspect the Airline Drive building. Unlike when counsel prepares an expert report for a witness, when an employee provides drafting assistance, this does not create similar risks of "supervening domination" or "improper conduct." *Marek v. Moore*, 171 F.R.D. 298 (D. Kan. 1997).

Furthermore, defendant is not unduly prejudiced by any assistance provided by Joey Murray. Joey Murray was listed on plaintiffs' witness list, and defendant had an opportunity to depose him. In turn, defendant has had every opportunity to explore the bases of the conclusions set forth in Paul Murray's expert report.

Defendant next argues that Mr. Murray, Jr. failed to provide a list of the cases in which he has testified as an expert at trial or deposition in the last four years in violation of Rule 26(a)(2)(B)(v). (R. Doc. 131). This Court's local rules require only that experts provide their opinions and the reasons therefore. Local Rule 26.3E. Rule 26(a)(2)(B) allows courts to "provide otherwise," with respect to the detail to be supplied in expert reports. This Court has done so. Defendant also argues that the lack of this information not only impaired its ability to prepare for Mr. Murray, Jr.'s deposition but also impairs its ability to prepare for trial. This argument is without merit. Mr. Murray, Jr. testified in his deposition to having been an expert in only one earlier case. (R. Doc. 173). Moreover, plaintiffs identified and disclosed the name of the case in which Mr. Murray, Jr. previously testified. *Id*. Defendant still has more than adequate time to prepare for cross-examination at trial. Failure to supply the information at issue is not grounds to exclude Paul Murray's testimony.

**III. *Daubert***

**A.   Legal Standard**

Federal Rule of Evidence 702 gives the district court considerable discretion to admit or exclude expert testimony. *See General Electric Co. v. Joiner*, 522 U.S. 136, 151 n.1 (1997). Rule 702 provides that an expert witness "qualified . . . by knowledge, skill, experience, training, or education," may testify when scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.  Fed. R. Evid. 702. For the testimony to be admissible, Rule 702 requires that (1) the testimony be based on sufficient facts or data, (2) the testimony be the product of reliable principles and methods, and (3) the witness apply the principles and methods reliably to the facts of the case. *Id.*

In *Daubert*, the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (clarifying that the *Daubert* gatekeeping function applies to all forms of expert testimony).  The Court's gatekeeping function thus involves a two-part inquiry into reliability and relevance. First, the Court must determine whether the proffered expert

testimony is reliable. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. *See Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 593. The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation. *See id.* at 590. Second, the Court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence, in other words, whether it is relevant. *See id.* at 591.

**B. Analysis**

Defendant also attacks Paul Murray's qualifications and the methodology upon which he bases his opinion. Specifically, defendant argues that the following subject matters are outside Paul Murray's expertise: (1) the cause of the roof damage to the building, (2) leaks in the roof, broken windows, and damage to the roll-up door in the back of the building, (3) wind speed, (4) the cause of any mold or mildew in the building, (5) the cause of any electrical damage, (6) a cost estimate, and (7) information relating to Paul Murray's August 31, 2006, letter to Gil Straud. "As long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its

gatekeeping function. After that, qualifications become an issue for the trier of fact rather than for the court in its gate-keeping capacity." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999) (citing *Daubert*, 509 U.S. at 596).

Paul Murray is a certified architect. (R. Doc. 131, Ex. A). He received his degree from Tulane University and started his own architecture firm. *Id*. Paul Murray's practice has evolved over the past 50 years, and his resume now includes experience in the field of design, land development, city planning, and construction of commercial buildings. *Id*. In addition to his architectural license, Mr. Murray, Jr. is a licensed contractor and real estate developer.

Paul Murray is qualified to give his architectural and engineering opinions here. None of defendant's arguments to the Court has merit. Paul Murray's experience with the design, construction, and refurbishment of large buildings frequently subject to inclement weather in the New Orleans area is a sufficient basis for him to opine as to the cause of damages to the Airline Drive building and any potential costs of repairs. This includes damages to the roof (1), damages to windows and the roll-up door in th back of the building (2), damage caused by mold or mildew (4), electrical damages (5), and the cost estimate to repair the building (6).

Further, that Paul Murray relies on the expertise of outside consultants regarding wind speed is not an adequate basis of exclusion. Fed. R. Evid. 703; *Gussack Realty Co.*, 224 F.3d at 94. Wind speed is a type of information reasonably relied on by architects in building design and the selection of materials for building construction; both are areas within which Paul Murray is duly qualified to give his expert opinion.

Defendant also objects to Paul Murray's testimony regarding his August 31, 2006, letter to Gil Stroud. This letter is Paul Murray's response to a report provided by defendant's engineers. Defendant has provided no basis for excluding Murray's critique of their engineers. This testimony will not be excluded.

## IV. Conclusion

Defendant's motion in limine is DENIED for the reasons stated above.

New Orleans, Louisiana, this 28th day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE