UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IMPERIAL TRADING CO., INC., ET AL.           CIVIL ACTION

VERSUS                                        NO: 06-4262

TRAVELERS PROPERTY CAS. CO.                   SECTION: R
OF AMERICA

**ORDER AND REASONS**

Before the court are defendant's Motion *In Limine* to Preclude Plaintiffs from Introducing Evidence that Defendant Owes Any Amounts for Loss of Business Income Because of Damage to Dependent Property (R. Doc. 249) and defendant's Motion *In Limine* to Exclude References to Complaints Made Against Non-Party Van Meredith (R. Doc. 253).[1]  For the following reasons, the Court GRANTS both motions.

**I. Background**

The plaintiffs in this case are the owners and lessees of commercial properties that were damaged during Hurricane Katrina.

---

[1] The original scope of this motion was much wider, addressing references to lawsuits against expert witness Robert Kochan as well as claims that plaintiffs are entitled to reformation of the rental value section of the policy.  During the pre-trial conference, the Court ruled on the expert witness issue, and plaintiffs withdrew their claim with respect to bad faith in defendant's failure to reform the policy as to rental value.  (R. Doc. 272.)

1

At the time of the hurricane, the properties in question were insured by defendant Travelers Property Casualty Company of America.  Plaintiffs submitted a claim to Travelers shortly after the hurricane, and Travelers advanced plaintiffs $1 million for the covered losses to one property on September 25, 2005.  Plaintiffs claim that Travelers failed to participate in the adjustment process in good faith after that point, reimbursing plaintiffs for portions of the covered loss in small increments over the following year but denying coverage for several claims falling under the coverage of the policy.  At issue in this motion is the scope of the policy's coverage with respect to dependent property and the admissibility of evidence of certain complaints against a claims adjuster, W. Van Meredith, who acted on behalf of defendant.

**II. Discussion**

**A. Claims for Business Income Arising from Dependent Property**

Defendant seeks to preclude plaintiffs from claiming that they are owed under the policy for losses of "business income" at dependent property, other than for claims of "rental value."  It contends that plaintiffs selected coverage only for rental value under its business income policy and should not be permitted to recover for other kinds of business income.  In response, plaintiffs assert that "business income" is not so limited and

2

that this view is confirmed by defendant's representatives.

The extent of coverage in an insurance policy is a matter of contractual interpretation. Guiding principles for construing contracts in Louisiana are set forth by the Louisiana Civil Code. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007); *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003). "Interpretation of a contract is the determination of the common intent of the parties." LA. CIV. CODE ANN. art. 2045 (2008). Such intent is to be derived from the language of the contract itself. If that language is "clear and explicit and lead[s] to no absurd consequences, no further interpretation may be made in search of the parties' intent." *Id*. art. 2046. Words "must be given their generally prevailing meaning," and terms of art are interpreted as such only when a technical matter is at stake. *Id*. art. 2047.

The relevant contractual language provides as follows:

> Coverage is provided as described below for one of the following options for which a Limit of Insurance is shown in the Declarations:
> (i) Business Income including "Rental Value";
> (ii) Business Income Other than "Rental Value";
> (iii) "Rental Value"
> If option (i) above is selected, the term Business Income will include "Rental Value". If option (iii) is selected, the term Business Income will mean "Rental Value" only. . . .
>
> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration." The suspension must be caused by direct physical loss of or damage to the property . . . at premises which are

3

> described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a covered cause of loss.

(R. Doc. 249. Ex. 1 at TRAVPOL000168.) It is undisputed that plaintiffs chose option (iii). "Operations" is relevantly defined as "[y]our business activities occurring at the described premises . . . and [t]he tenantability of the described premises. . . ." (*Id.* at TRAVPOL000176.) The term "rental value" is defined under the contract as the:

> a. Total anticipated rental income from tenant occupancy of the premises described in the Declarations as furnished and equipped by you, and
> b. Amount of all charges which are the legal obligation of the tenant(s) and which would otherwise be your obligations; and
> c. Fair rental value of any portion of the described premises which is occupied by you.

(*Id.* at TRAVPOL000176-77.)

The contract contains the following coverage for business income at dependent properties:

> e. Business Income From Dependent Properties
>
> We will pay for actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration." The suspension must be caused by direct physical loss or damage at the premises of a "dependent property", caused by or resulting from a Covered Cause of Loss.

(*Id.* at TRAVPOL000170.) "Dependent property" is defined as "property operated by others you depend on to:" (1) "[d]eliver materials or services to you, or to others for your account"; (2)

4

"[a]ccept your products or services"; (3) "[m]anufacture products for delivery to your customers under contract of sale"; or (4) "[a]ttract customers to your business." (*Id.* at TRAVPOL000176.)

Under this language, the term "business income" is defined as "rental value." Plaintiffs argue that this substitution of definition is limited to certain parts of the contract and not others. This argument has no merit. "Business income" is a contractually defined term, and plaintiffs point to nothing indicating that it is intended to carry different meanings in different provisions of the contract. The provision setting forth three different possible definitions of "business income" can be found at the very beginning of the relevant coverage form; every other provision in the coverage form must be read after reading it. The provision addressing coverage for dependent property falls under a subheading of the section that defines "business income" as rental value. Under Louisiana law, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole," LA. CIV. CODE ANN. art. 2045 (2008), and the structure of the coverage form makes clear that the substitution of "rental value" for "business income" is intended to be in effect throughout the contract. The fact the declarations page lists the choice of "rental value only" separately from the policy limit for "Business Income from Dependent Property" is of

5

no moment. (R. Doc. 249, Ex. 1 at TRAVPOL000015.) The contract must be read as a whole, and absolutely nothing in the contract indicates that "business income" is intended to bear an inconsistent meaning in different paragraphs of the same section of the policy.

As the language of the policy is clear, there is no basis to consider deposition testimony in aid of its interpretation. Plaintiffs' references to deposition testimony will not be considered.

Plaintiffs' interpretation of the dependent property coverage is legally erroneous and all references to it will be excluded from trial. FED. R. EVID. 402. They may claim business income losses from dependent property, but only — as the contract makes abundantly clear — insofar as "business income" is defined as "rental value."

**B. Complaints Against Van Meredith**

Defendant additionally seeks to preclude plaintiffs from making reference to two complaints against W. Van Meredith, a claims adjuster hired by defendant. The complaints were made in the course of Van Meredith's adjustments of claims from an earlier hurricane. Plaintiffs argue that these complaints against Mr. Van Meredith serve to establish a pattern or habit of adjusting claims in an improper and unprofessional manner.

6

The Court does not accept plaintiffs' argument. "Habit," for the purposes of Fed. R. Evid. 406, "suggests a 'regular response to a repeated specific situation' that has become 'semi-automatic.'" *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 442 (5th Cir. 2007) (quoting *Reyes v. Mo. Pac. R.R. Co.*, 589 F.2d 791, 794 (5th Cir. 1979)); *see also Pursley v. Dretke*, 114 Fed. Appx. 630, 634 (5th Cir. 2004) (unpublished) (defining "habit" as "a specific reaction to a specific set of stimuli that is reflexive, repeated, and invariable in nature"). Two unsubstantiated complaints do not suffice to establish habit or routine practice. *See, e.g., Reyes*, 589 F.2d at 795 ("four prior convictions for public intoxication spanning a three and one-half year period are of insufficient regularity to rise to the level of 'habit' evidence).

The evidence plaintiffs seek to introduce does not demonstrate anything about how Mr. Van Meredith adjusted plaintiffs' claims. It is thus more akin to character evidence, which is impermissible under Fed. R. Evid. 404. Rule 404(b) contains an exception, stating that "[e]vidence of other crimes, wrongs, or acts . . . [may be admissible to show] proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Plaintiffs have made no such showing here.

Moreover, it is highly likely that this evidence will create

7

a sideshow that will detract from the real issues in this trial. Plaintiffs have evidence of two complaints against Mr. Van Meredith. The context and contents of these complaints is not currently known. No party will benefit from a mini-trial to determine the legitimacy and foundation of these complaints. In addition to being a poor use of time, such a dispute would serve only to confuse and mislead the jury. The distraction that the evidence will introduce into the trial is in no way outweighed by its probative value, which is limited in any case. FED. R. EVID. 403. This evidence will be excluded.

### III. Conclusion

For the foregoing reasons, defendant's Motion *In Limine* to Preclude Plaintiffs from Introducing Evidence that Defendant Owes Any Amounts for Loss of Business Income Because of Damage to Dependent Property and defendant's Motion *In Limine* to Exclude References to Complaints Made Against Non-Party Van Meredith are both GRANTED.

New Orleans, Louisiana, this \_\_\_\_29th\_\_\_\_ day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE