UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IMPERIAL TRADING CO., INC., ET AL.                CIVIL ACTION

VERSUS                                            NO: 06-4262

TRAVELERS PROPERTY CAS. CO.                       SECTION: R
OF AMERICA

**ORDER AND REASONS**

Before the Court is defendant's Motion *In Limine* to Exclude the Testimony of Peter Knowe (R. Doc. 148). For the following reasons, the Court GRANTS the motion.

**I. Background**

The plaintiffs in this case are the owners and lessees of commercial properties that were damaged during Hurricane Katrina. At the time of the hurricane, the properties in question were insured by defendant Travelers Property Casualty Company of America. Plaintiffs submitted a claim to Travelers shortly after the hurricane, and Travelers advanced plaintiffs $1 million for the covered losses to one property on September 25, 2005. Plaintiffs claim that Travelers failed to participate in the adjustment process in good faith after that point, reimbursing plaintiffs' for portions of the covered loss in small increments over the following year. At issue in this Order is the expert

1

testimony of Peter Knowe, whom plaintiffs seek to present as an expert witness to testify about industry standards and practices, especially with regard to bad faith.  Mr. Knowe's report contains opinions and conclusions that generally support plaintiffs' legal and factual assertions (R. Doc. 148, Ex. A ("Knowe Report")), and defendant has moved to exclude this evidence from trial.

**II. Legal Standard**

Federal Rule of Evidence 702 provides that:

If scientific, technical, or other specialized knowledge
will assist the trier of fact to understand the evidence or
to determine a fact in issue, a witness qualified as an
expert by knowledge, skill, experience, training, or
education, may testify thereto in the form of an opinion or
otherwise, if (1) the testimony is based upon sufficient
facts or data, (2) the testimony is the product of reliable
principles and methods, and (3) the witness has applied the
principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  A district court has considerable discretion to admit or exclude expert testimony under Rule 702.  *See General Electric Co. v. Joiner*, 522 U.S. 136, 138-39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000). Although parties typically seek to exclude expert testimony on the basis that it is unreliable, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993), the Court must also determine whether the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."

2

FED. R. EVID. 702; *see also Daubert*, 509 U.S. at 591. In addition, evidence may always be excluded based on "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

**III. Discussion**

Defendants first argue that Mr. Knowe is unqualified to provide expert testimony in this case because his previous experience in claims adjusting did not involve property claims, and he has never handled claims of the same magnitude as those in the present litigation. This argument is unpersuasive. Mr. Knowe has considerable educational and professional background in the insurance industry, much of which was spent adjusting claims and evaluating complex litigation, including bad-faith litigation. Furthermore, he has already been qualified as an expert in numerous state and federal courts. The Court finds that Mr. Knowe's qualifications do not prohibit him from providing expert testimony in this matter.

Sufficient qualifications to testify as an expert, however, do not automatically allow testimony to be presented at trial. Many of the subjects upon which Mr. Knowe opines, such as the scope of coverage for rental value and extra expenses, and the relevance of private investigator Terrell Miceli, have already been ruled upon by the Court. The Court recently excluded

3

evidence of complaints against defendant's adjuster W. Van Meredith, which is at the heart of Mr. Knowe's opinions as to defendant's improper supervision of its contract adjustors. Furthermore, plaintiffs have retracted their claim that failure to reform the policy with respect to rental value coverage is indicative of bad faith, and they have settled their claims arising from the Edwards Avenue property. All of Mr. Knowe's opinions on these subjects have accordingly become irrelevant since he assembled his expert report, and they will be excluded. FED. R. EVID. 402.

Additionally, defendant challenges Mr. Knowe's testimony on the grounds that plaintiffs seek to introduce him as a "bad faith expert," which a number courts have excluded. This Court, in *Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. 06-7232, 2008 WL 1924242 (E.D. La. Apr. 23, 2008), excluded testimony from a bad faith expert because the claims in the case were not "overly complicated," and the issues in the case could be understood by the jury without the assistance of expert testimony. *Id.* at *2-3. Several other courts have reached the same conclusion. *See Crow v. United Benefit Life Ins. Co.*, No. 03:00CV1375G, 2001 WL 285231, at *2-3 (N.D. Tex. Mar. 16, 2001) (excluding expert testimony regarding defendant's breaches of the duty of good faith and fair dealing because such opinion "invades both the province of the court and the jury"); *Thompson v. State*

*Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (excluding bad faith expert on grounds that it is "expert testimony . . . offered on an issue that the jury is capable of assessing for itself" and that "it would not even marginally 'assist the trier of fact'"). The courts, however, are not unanimous on the issue. In *Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1089-91 (N.D. Cal. 2002) (Magistrate order), *overruled on other grounds sub nom. Hangarter v. Provident Life & Acc. Co.*, 373 F.3d 998 (9th Cir. 2004), the district court allowed testimony from a bad faith expert because he was amply qualified, would assist the trier of fact, and would not render an opinion on the ultimate issues of the case.

Although courts have ruled different ways on this issue, this Court will exclude Mr. Knowe's expert testimony regarding whether defendant's actions were unreasonable, arbitrary and capricious, in bad faith, or without probable cause. The issue of whether defendant's actions are unreasonable or in bad faith under LA. REV. STAT. ANN. §§ 22:1892 and 1973 is not unusually complicated and is well within the comprehension of the average juror. The jurors must determine whether plaintiffs provided defendant with satisfactory proof of loss, which, in order to be considered "satisfactory," must inform the insurer of the facts underlying the claims and provide enough information to allow the insurer to act. They will then determine whether defendant

failed to tender payment within the thirty- or sixty-day period after receiving the proof. The jury will then address whether failure to do so was arbitrary, capricious, or without probable cause. In so doing, it will assess whether defendant, under the facts known at the time of its action, denied the claim without a reasonable basis. Mr. Knowe's testimony on these issues will thus not assist the jury in determining the facts in issue. FED. R. EVID. 702; *Daubert*, 509 U.S. at 592. *See also Peters v. Five Star Marine*, 898 F.2d 448, 449-450 (5th Cir. 1990) (holding that trial court's exclusion of expert testimony because "the jury could adeptly assess th[e] situation using only their common experience and knowledge," and thus "[e]xpert testimony was unnecessary"). This testimony will be excluded.[1]

This case presents a few technical issues that would benefit from expert testimony, such as causation. The Knowe Report, however, will not assist the jury in assessing these issues. This Court's review of the report indicates that most of the proffered opinions are nothing more than a series of conclusory statements supporting plaintiffs' view of the factual and legal

---

[1] The parties' arguments about the introduction of Mr. Knowe's testimony in other trials is unavailing. Unlike here, the report he submitted in *St. Paul Fire & Marine Ins. Co. v. Jablonski*, No. 2:07-CV-386-FTM-29SPC (M.D. Fla. 2009), for example, indicates the factual basis for several of its conclusions. Suffice it to say that this Court will not accept or exclude Mr. Knowe's testimony based on the opinions he offers in a *different* case.

issues in this case. These conclusions do not reflect the application of technical expertise. The report reads more like a closing statement delivered by a trial attorney than a technical analysis provided by an expert witness. Most of Mr. Knowe's conclusions are unmoored to any analysis or method, and his report sheds woefully little light on *why* the jury should accept his conclusions. It also offers numerous commonplace observations, such as that the insurer must inform the insured why it is denying a claim, or that it must adjust all claims presented. These observations are well within the comprehension of the average juror and will not provide any assistance in understanding the facts at issue.

Rule 702 of the Federal Rules of Evidence requires, before expert testimony can be admitted, that the testimony be based on sufficient facts, that it be the product of reliable principles and methods, and that the principles and methods be reliably applied to the facts of the case. Mr. Knowe's report does not meet this standard. For example, with respect to the damage to contents at the Airline Drive — a significant issue in this litigation — Mr. Knowe's report indicates that water entered the structure and caused damage to stock before the building was flooded by the levees. Specifically, he notes that the breaking of a water pipe caused damage to plaintiffs property at Airline Drive. Knowe Report at 7-8, 17-18. Whether the water from the

pipe damaged the stock at Airline Drive, however, is a highly contested issue in this litigation, and the Knowe Report provides no indication as to how Mr. Knowe's methods or analysis led to the factual conclusions he provides.  As such, his opinion is little more than an *ipse dixit* directive to the jury to believe the plaintiffs' evidence.

This analysis is representative of the report as a whole.  The report contains virtually no citations.  It provides no basis for many observations and conclusions.  The report provides numerous opinions as to the scope of the policy's coverage, but at no point does Mr. Knowe explain his analysis of the policy.  In fact, the policy language is not cited in the report at all.  Mr. Knowe's report does not explain how numerous, repeated conclusions about defendant's conduct — that it was "dishonest," "deliberate," "arbitrary and capricious," "unreasonable," "unfair," "in bad faith" — were reached.  In short, it is difficult to discern any method at work in much of the analysis, and the Court cannot determine how the conclusions stated are the result of Mr. Knowe's expertise.  While it is clear that Mr. Knowe has considerable experience in the insurance industry, his process for coming to conclusions is opaque.

The report is also rife with legal conclusions, which are inadmissable in this court. *See Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999); *Askanase v. Fatjo*,

130 F.3d 657, 673 (5th Cir. 1997).  In addition to numerous declarations of the parties' legal duties, it states that "Travelers has failed and refused to fulfill its obligations to provide full coverage for Imperial's claim clearly as required by the policy . . ."  Knowe Report at 8.  It opines that "Travelers' refusal to reopen [the] adjustment is arbitrary and capricious conduct."  *Id.* at 11.  In fact, the majority of the substantive pages in the report contain a statement declaring that defendant's conduct was in bad faith, arbitrary, or capricious.  *See id*. at 5, 11, 12, 13, 14, 15, 16, 17, 18, 21, 23, 24, 25.  None of these legal conclusions is admissible.

Lastly, several of Mr. Knowe's opinions are legally incorrect.  He states that "[i]nsurance coverage must be viewed by the interpretation of policy language under the reality of the circumstances."  This is a misstatement of Louisiana law.  *See* LA. CIV. CODE. art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").  The report cites to *Veade v. La. Citizens Property Corp.*, 985 So. 2d 1275 (La. Ct. App. 2008), for the proposition that "Louisiana case law supports the period of restoration must be extended by the carrier until the actual damages are paid by the carrier . . ."  Knowe Report at 16 (as in original).  *Veade* does not stand for this proposition, nor does it address periods of restoration

9

in any way.[2] Finally, Mr. Knowe's view of the rental value provisions in the policy — that it provided coverage that could never be recovered by the policyholder, Knowe Report at 6 — conflicts with the analysis in this Court's ruling,[3] as well as the position put forth by plaintiffs.

In sum, despite the qualifications of its author, the Knowe Report will not assist the jury in making any factual determination in this matter. To the extent that it contains stray passages that are not tainted with the flaws discussed here, these passages are imbedded in and inextricably intertwined with the legal conclusions, irrelevant statements, commonplace observations, and legally incorrect assertions that characterize the remainder of the report. Based on this report, Mr. Knowe proposes only to "tell the trier of fact what to decide." *Akanase*, 130 F.3d at 673. This Court will exclude all of Mr. Knowe's testimony.

---

[2] The Knowe Report only provides the citation of this case and not the name. But this citation includes *Veade*'s correct docket number, so the possibility of a typographical error is remote.

[3] This Court held that the provision was susceptible to two different interpretations, and was thus ambiguous as a matter of law. (R. Doc. 281.) Neither interpretation, however, is consistent with the interpretation that Mr. Knowe provides.

## IV. Conclusion

For the foregoing reasons, defendant's motion *in limine* to exclude the testimony Peter Knowe is GRANTED.

New Orleans, Louisiana, this __31st__ day of July, 2009

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**