UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IMPERIAL TRADING CO., INC., ET AL.                CIVIL ACTION

VERSUS                                             NO: 06-4262

TRAVELERS PROPERTY CAS. CO.                        SECTION: R
OF AMERICA

## ORDER AND REASONS

The Court has considered the parties' briefed objections to trial exhibits and rules as follows.[1]

**I. Plaintiffs' Objections to Defendant's Exhibits**

(1) Objections to Exhibits 14 & 156-62 (Documents Relating to Cortez Fowler's Flood Adjustment)

*Ruling:* The Court OVERRULES the objection. Plaintiffs object on the grounds that the documents constitute inadmissable hearsay. All these documents, however, have been authenticated as business records by their author. They are thus admissible under FED. R. EVID. 803(6).

(2) Objection to Exhibit 421 (Deposition Testimony of W. Gilbert Stroud)

---

[1] The Court will employ the same exhibit numbers that parties used in the briefs supporting their objections.

*Ruling:* The Court OVERRULES the objection. Plaintiffs object on the grounds that, because Mr. Stroud will testify live, his deposition testimony constitutes inadmissible hearsay. Rule 801(d)(2) of the Federal Rules of Evidence, however, makes clear that admissions by party-opponents are not hearsay. This evidence may be admitted at trial.

(3) Objection to Exhibit 39 (Email Exchange Ending 5/25/2006 Between Charles O'Reilly and W. Van Meredith)

*Ruling:* The Court SUSTAINS the objection in part and OVERRULES it in part. The email of 5/25/2006 that appears uppermost on the page and the bottommost email of 5/22/2006 are not admissible for the truth of the matters asserted, but may be used for the non-hearsay purpose of showing that the statements were made. The email of 5/23/2006 from Van Meredith to Charles O'Reilly may be admitted for the non-hearsay purpose of demonstrating that defendant was informed of the information contained in the email. The Court notes that the exhibit cannot be used as recorded recollection under Fed. R. Evid. 803(5) unless the witness "has insufficient recollection to enable [her] to testify fully and accurately" as to the matter.

(4) Objection to Exhibit 48 (Email Exchange Ending 6/23/2006 Between Charles O'Reilly and W. Van Meredith)

*Ruling:* The Court SUSTAINS the objection in part and OVERRULES it in part. The four earliest emails are admissible to demonstrate defendant's knowledge as to the ongoing adjustment of the claim, as is the email of 6/23/2006 at 3:17 p.m. The email of 6/23/2006 of 12:11 p.m. can be admitted not for the truth of the matter but for the non-hearsay purpose of demonstrating that the statement was made.

(5) Objection to Exhibit 428 (Report of the National Climactic Data Center Providing Climactic Data from 2005)

*Ruling:* The Court SUSTAINS the objection. Plaintiffs object on the grounds that this evidence was produced after the discovery deadline and not included on previous exhibit lists. Defendants contend that they did not receive the exhibit until July 21, 2009, but the data presented relates to an event four years earlier. The Court sees no reason why this exhibit could not have been produced before the close of discovery. It is therefore excluded.

**II. Defendant's Objections to Plaintiffs' Exhibits**

(1) Objections to Exhibits 35 & 36 (Evaluations of Plaintiffs' Proposed "Bad Faith" Expert, Peter Knowe)

*Ruling:* The Court SUSTAINS the objections on the grounds that Mr. Knowe's testimony has already been excluded by the Court, and any

further reference to his qualifications would not be relevant. This evidence will not be admitted at trial.

(2) Objections to Exhibits 142, 143, & 146 (4/2/2006 Email from Hartwig Moss to W. Van Meredith; 4/3/2006 Email from W. Van Meredith to Charles O'Reilly; and 5/29/2006 Email from Hartwig Moss to W. Van Meredith)

*Ruling:* The Court OVERRULES the objections. Defendant argues that both emails contain impermissible expert testimony from a witness not designated as an expert. These emails, however, are relevant to defendant's knowledge of proof of loss. Specifically, they contain information about a claim communicated to defendant by plaintiffs' agent, and discussion between defendant's agents regarding the adequacy of the proof of loss. They do not contain impermissible opinion testimony.

(3) Objections to Exhibit 166 (6/26/2006 Email from Hartwig Moss to Carl Miles)

*Ruling:* The Court OVERRULES the objection. Defendant argues that the email contains impermissible expert testimony from a witness not designated as an expert. This is a communication by an agent of plaintiffs regarding plaintiffs' stated view of the scope of coverage. It does not contain impermissible opinion testimony.

<u>(4) Objection to Exhibit 169 (6/27/2006 Email from Hartwig Moss to Carl Miles and Charles O'Reilly, with Attachments)</u>

*Ruling:* The Court OVERRULES the objection on the condition that inadmissible sections of the exhibit be redacted.  Defendant argues that the email contains impermissible expert testimony from a witness not designated as an expert.  It is an admissible communication from plaintiffs' agent to defendant explaining plaintiffs' claims position.  It does not contain impermissible opinion testimony.  This notwithstanding, references to the Edwards Avenue location appear in this exhibit and must be redacted before it can be admitted.

<u>(5) Objection to Exhibit 186 (Email Exchange Ending on 7/13/2006 Between Hartwig Moss, Charles O'Reilly, Carl Miles, and W. Van Meredith)</u>

*Ruling:* The Court OVERRULES this objection.  Defendant argues that the exhibit contain impermissible expert testimony from a witness not designated as an expert.  The exhibit, however, is clearly relevant because it contains communications between the parties regarding their positions on the claims.  It does not contain impermissible opinion testimony.

<u>(6) Objection to Exhibit 187 (Email Exchange Ending on 7/13/2006 Between Hartwig Moss and W. Gilbert Stroud)</u>

5

*Ruling:* The Court SUSTAINS the objection. The content of communications between Hartwig Moss and his client, W. Gilbert Stroud, are hearsay. It will therefore be excluded.

(7) Objection to Exhibit 209 (Email Exchange Ending on 8/23/2006 Between W. Gilbert Stroud, Hartwig Moss, Darnell Bludworth, and Charles O'Reilly)

*Ruling:* The Court SUSTAINS the objection in part and OVERRULES it in part. The exhibit consists of impermissible hearsay if offered for the truth of the matter presented. In addition, internal communication between plaintiffs and their agents is not relevant to this matter. The email sent from Gilbert Stroud to Darnell Bludworth on 8/16/2006 at 17:46 is inadmissible hearsay, as is the email from Mr. Bludworth to Mr. Stroud sent on 8/16/2006 at 4:31 p.m. The email from Charles O'Reilly to Darnell Bludworth at 12:25 p.m. is admissible for the non-hearsay use of offering a statement of a party's agent offered by the party's opponent.

(8) Objection to Exhibit 240 (1/2/2007 Letter from Hartwig Moss to Brenda Zimmerman and Rosmary Hirstius)

*Ruling:* The Court SUSTAINS the objection. This exhibit concerns extra expense coverage for the Edwards Avenue location. Because Edwards Avenue is no longer part of this suit, this exhibit is

irrelevant and will be excluded.

(9) Objection to Exhibit 192 (7/25/2005 Letter from Joey Murray to Gabe Corchiani)

*Ruling:* The Court reserves ruling on this objection.

(10) Objections to Exhibits 248 & 258 (Compilations of Plaintiffs' Alleged Costs)

*Ruling:* The Court OVERRULES the objections, provided that plaintiff lays the foundation that these documents were submitted to defendant as documents supporting proof of loss. In addition, all references in the documents to the availability of punitive damages and legal fees must be redacted, as it will only serve to mislead the jury.

(11) Objections to Exhibits 362, 363, 364-78, & 380 ("Catch-All" Desigations)

*Ruling:* Except as noted, the Court SUSTAINS the objections. These designations of broad categories of documents is improper, and does not sufficiently identify the exhibits. Plaintiffs have specifically identified some of these exhibits in response to defendant's objection. The Court rules as follows on those specifically identified exhibits. Exhibits CM-5 and CM-11 are admitted. They were part of Travelers' underwriting file and do

not pose a risk of unfair surprise.  CM-7 and CM-8 are excluded as irrelevant as they relate to Edwards Avenue.  Exhibits 1-12 of Charles Mader's report and the Wiss Janney report are deemed subject to the parties' stipulation on the use of expert reports.

(12) Objection to Exhibit 413 (Air-Flow Model Generated by Rita Schnipke)

*Ruling:* The Court OVERRULES the objection.  This witness was deposed less than two weeks ago and the exhibit has appeared on all previous exhibit lists.  There is no indication that the exhibit was available earlier.  The exhibit will be admissible at trial.

(13) Objection to Exhibit 216 (8/31/2006 Letter from Maureen Zemel to Hartwig Moss)

*Ruling:* The Court reserves ruling on this exhibit.

(14) Objection to Exhibit 148 (5/15/2006 Letter from W. Gilbert Stroud to Gent Culver)

*Ruling:* The Court SUSTAINS the objection.  Defendants object on grounds that the document is inadmissible hearsay.  Plaintiffs respond by arguing that the document is a business record that falls within the hearsay exception of FED. R. EVID. 803(6).  The Rule itself specifies that it must have been "the regular

practice of that business to make the memorandum, report, record or data compilation." Accordingly, "[m]emoranda that are casual, isolated, or unique do not qualify as business records." Joseph M. McLaughlin, 5 WEINSTEIN'S FEDERAL EVIDENCE § 803.08[2] (2d ed. 2009). It is clear that this letter is isolated and unique. In fact, the unusual nature of the letter is the entire purpose of the communication. It therefore cannot be considered to fall within the hearsay exception of FED. R. EVID. 803(6). In addition, plaintiffs cannot use the exhibit for the non-hearsay purpose of showing Mr. Stroud's state of mind because Mr. Stroud's state of mind is not relevant.

**New Orleans, Louisiana, this    31st    day of July, 2009.**

*Sarah Vance*

**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**